UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 5:22-CV-00186-FDW

| | |
|---|---|
| CHARITY MARIE STOAKS, | ) |
| Claimant, | ) ) ) |
| v. | ) ) ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) ) ) |

THIS MATTER is before the Court on appeal of the Commissioner of Social Security's ("Commissioner") unfavorable administrative decision on Claimant Charity Marie Stoaks' ("Claimant") application for a period of disability and disability insurance benefits (Doc. No. 6). This matter has been fully briefed, (Doc. Nos. 7, 8, 9), and is ripe for ruling. Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Commissioner's decision is REMANDED.

## I. BACKGROUND

On October 25, 2016, Claimant protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning April 1, 2016. The claim was denied initially on January 18, 2017, and upon reconsideration on March 17, 2017. Thereafter, Claimant filed a written request for hearing by an Administrative Law Judge ("ALJ") on May 18, 2017. The ALJ held a hearing on November 14, 2018, after which the ALJ issued an unfavorable decision on February 27, 2019, finding Claimant not disabled under sections 216(i) and 223(d) of the Social Security Act through December 31, 2016, the last date insured. Claimant appealed the decision to the United States District Court for the Western District of North Carolina, which

1

remanded the case to the appeals council who then remanded it back to the ALJ. On March 10, 2022, the ALJ held a hearing, after which the ALJ issued another unfavorable decision on August 22, 2022, finding Claimant not disabled under sections 216(i) and 223(d) of the Social Security Act through December 31, 2016, the last date insured.

In the latest decision, which is challenged in the case at bar, the ALJ found at step one Claimant did not engage in substantial gainful activity during the period from her alleged onset date of April 1, 2016, through her date last insured of December 31, 2016. (Tr. 463). At step two, the ALJ found Claimant to have the following severe impairments through the date last insured: "status post traumatic brain injury ("TBI"); anxiety disorder; and neurocognitive disorder." Id. Assessing step three, the ALJ found Claimant had a "moderate limitation in understanding, remembering, or applying information; interacting with others; with regard to concentration, persistence, or maintaining pace; and adapting or managing oneself." (Tr. 469). The ALJ determined that none of Claimant's impairments, nor any combination thereof, met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 463). Before proceeding to step four, the ALJ found Claimant had a residual functional capacity ("RFC")

> to perform a full range of work at all exertional levels. She retained the ability to perform simple, routine, and repetitive tasks with no more than short, simple instructions. She can tolerate no more than occasional changes in workplaces settings, routines, and procedures. Moreover, the work environment must be a low stress work environment, which is defined to mean no greater than occasional use of judgment and decision-making capabilities. She is limited to tasks that require a reasoning level of no greater than 1.

(Tr. 471). The ALJ found for step four that Claimant was unable to perform any past relevant work. (Tr. 473).

Evaluating step five, the ALJ asked the vocational expert ("VE") whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity ("RFC"). (Tr. 475). The VE testified that, given those factors, the

individual would be able to perform the requirements of representative occupations including shipping and receiving weigher (DOT 222.387-074, SVP 2, Reasoning Level 1, Exertion: Light); advertising material distributor (DOT 230.687-010, SVP 2, Reasoning Level 1, Exertion: Light); and shaking, wearing apparel (DOT 361.687-025, SVP 2, Reasoning Level 1, Exertion: Light). Id. The VE testified that each occupation existed in significant numbers in the national economy, including 1,800 jobs, 27,000 jobs, and 19,000 jobs respectively. Id. Thus, the ALJ concluded Claimant was not disabled as defined by the Social Security Act from August 1, 2019, through the ALJ's decision. Id.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richard v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). The court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of

evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.2d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotation marks omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1566, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."

Monroe, 826 F.3d 176, 180 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429).

If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

5

## III. ANALYSIS

Claimant identifies two assignments of error on appeal: (1) the ALJ failed to resolve apparent conflicts in the VE's testimony upon which his decision depended; and (2) the ALJ failed to include all the mental limitations he found credible in the RFC finding. For the reasons discussed below, the Court agrees with the first assignment of error and remands.

### A. Apparent Conflicts in the VE's Testimony

Claimant argues the ALJ failed to resolve apparent conflicts in the VE's testimony upon which his decision depended. This Court agrees.

According to the Fourth Circuit, the "ALJ independently must identify conflicts between the VE testimony and the [DOT]." Pearson, 810 F.3d at 209. However, in step five the ALJ only needs to provide one example of alternative work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), 404.1566(b). Additionally, "[a]n ALJ can only find a claimant not disabled at step five of the analysis if the Commissioner proves that the claimant can perform other work that 'exist[s] in significant numbers in the national economy.'" Pearson, 810 F.3d at 211 (quoting 20 C.F.R. § 404.1560(c)).

Claimant raises the argument that the three occupations proposed by the VE in the fifth step of the analysis were all precluded by limitations contained in the RFC, creating conflicts that the ALJ did not resolve. First, Claimant correctly states that the job of shipping and receiving weigher has a GED Reasoning Level of 3, which would conflict with the RFC that the ALJ found, and Commissioner concedes to this error. (Doc. No. 9, p. 6). The ALJ should have resolved this conflict, and it was error to not do so.

Second, Claimant correctly states that there is a conflict with the job of "advertising-material distributor" with a DOT number of "230.687-010." Claimant contends that because the
6

job description of advertising material distributor requires going "from house to house, to business establishments, or to persons on the street" then this would exceed the RFC limitation of only occasional changes in workplace settings. Nothing in the DOT explains how often a work setting changes or in what ways. Therefore, the Court must turn to the narrative description of the job, and, in this case, the job of advertising material distributor would appear to result in constantly changing workplace settings. This job would presumably require Claimant to go to different houses and business establishments every day, necessarily causing an ever-changing workplace setting. Therefore, this Court agrees with Claimant's contention and finds a conflict with the RFC as to the job of advertising material distributor that the ALJ never addressed.

Last, Claimant correctly states the ALJ cited the incorrect job of "shaking, wearing apparel" with a DOT number of "361.687-025," in the ALJ's report. (Doc. No. 6, p. 475). There is no such job with that name or DOT number. However, in the VE testimony, the VE testified to the correct job, "shaker, wearing apparel" with a DOT number of "361.687-026." (Doc. No. 6, p. 519). In its brief to this Court, Commissioner cites the job that the VE testified to at the hearing, but that was not what the ALJ report stated. (Doc. No. 9, p. 6). The Court cannot presume that this was simply a typographical error, particularly given the other circumstances not resolved. This Court finds a conflict with the RFC as to the misnamed job of "shaking, wearing apparel" that was not resolved by the ALJ.

This error combined with the others leaves none of the jobs proposed by the ALJ without an apparent conflict, thus remand is proper to resolve these conflicts.

### B. The ALJ's RFC Assessment

Claimant next argues the ALJ failed to include all the mental limitations he found credible in the RFC finding. However, because the Court has already determined the ALJ's opinion

contains too many conflicts, the Court declines to resolve that assignment of error and the ALJ is free to revisit this issue on remand.

## IV. CONCLUSION

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Claimant's application for disability benefits nor does the Court express any opinion as to her other assignments of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). In declining to address the second assignment of error in dicta here,[1] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25, 110 S. Ct. 2658, 110 L. Ed. 2d 563 (1990)).

---

[1] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe"; but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012), (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n.16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).

8

IT IS, THEREFORE, ORDERED that the Commissioner's decision, (Doc. No. 6), is REMANDED to the Commissioner for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: July 12, 2023

Frank D. Whitney
United States District Judge